# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:12-cr-00327-APG-VCF |
| Plaintiff, | **ORDER DENYING RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER** |
| v. | (Dkt. #76, #77) |
| GREGORY J. OLSON, | |
| Defendant. | |

The United States of America moves for reconsideration of Magistrate Judge Ferenbach's order denying its motion for production of records.[1]  The issue presented is whether this court can compel the Nevada Attorney General's Office to produce documents sealed by a Nevada state court judge.  Magistrate Judge Ferenbach denied the government's motion, concluding that this court cannot protect against the consequences of complying with a federal subpoena to produce documents that are sealed.[2]  I deny reconsideration because Magistrate Judge Ferenbach's order is not clearly erroneous or contrary to law.

## I.  BACKGROUND

In 2002, the Nevada Attorney General issued a press release stating that defendant Gregory Olson pleaded guilty to two counts of securities fraud committed against a person 65 years of age or older.[3]  The press release also stated Olson was ordered to pay $457,500 in restitution to his victims.[4]

In 2008, Olson obtained a state court order sealing his records.[5]  Pursuant to Nevada Revised Statutes § 179.285(i)(a), when a court seals a record:

---

[1] (Dkt. #77.)

[2] (Dkt. #76 at 5.)

[3] (Dkt. #71 at 7.)

[4] (*Id.*)

[5] (Dkt. #71 at 10, 26.)

All proceedings recounted in the record are deemed never to have occurred, and the person to whom the order pertains may properly answer accordingly to any inquiry, including, without limitation, an inquiry relating to an application for employment, concerning the arrest, conviction, dismissal or acquittal and the events and proceedings relating to the arrest, conviction, dismissal or acquittal.

In September 2012, Olson was indicted in this case on counts of wire fraud, and filing false tax returns.[6]  The indictment alleges that Olson devised a scheme to obtain money from the Amazing Grace Lutheran Church from 2006 to 2008.[7]

The FBI requested from the Nevada Attorney General's Office a copy of its files relating to the 2002 press release announcing Olson's plea agreement in the state case.[8]  The government believes the files will help show that Olson used the money he fraudulently obtained from the church to pay restitution under the 2002 conviction.[9]  The government contends Olson also used a portion of the money to pay the attorney who obtained the order sealing his records.[10]

The Nevada Attorney General's Office refused to produce the requested documents without a subpoena.  Therefore, the government served a subpoena on the Nevada Attorney General's Office.[11]  The Nevada Attorney General's Office found the state court's sealing order while preparing its response and refused to produce the records absent a court order.[12]

The government then moved this court for an order directing the Nevada Attorney General's Office to comply with the subpoena.[13]  Magistrate Judge Ferenbach denied the motion,

---

[6] (Dkt. #1.)

[7] (*Id.*)

[8] (Dkt. #71 at 2.)

[9]*(Id.* at 19-24.) The government supports this allegation with checks showing that Olson received thousands of dollars from the Amazing Grace Lutheran Church and two weeks later paid thousands of dollars to the Nevada Secretary of State.

[10](*Id.* at 25-26.) The government supports this allegation with checks showing Olson obtained $5,550 from the Amazing Grace Lutheran Church and three days later paid $500 to the attorney who helped get his records sealed.

[11] (Dkt. #71 at 9.)

[12] (*Id.* at 2.)

[13] (Dkt. #71.)

ruling that the principles of federalism, comity, and abstention do not allow a federal court to review a state court decision.[14]  Instead, when a dispute is better decided in state court, the federal court should abstain from reviewing it.[15]  Judge Ferenbach thus held this court cannot enter an order that would protect the Nevada Attorney General from the consequences of producing records that the state court sealed.[16]

The government now moves for reconsideration, arguing the Supremacy Clause permits the federal court to order production of the files despite the sealing order.  The government argues that this court has a "primary constitutional duty . . . to do justice in criminal prosecutions" and the files are necessary to ensure a fair and just trial.[17]  The government contends it was improper for Judge Ferenbach to rely on civil cases as precedent because civil cases have a different standard for fair trials than criminal cases.  The government believes the records are relevant because they may show Olson used the church's funds to both pay his restitution and have his records sealed.  The government argues failure to produce the sealed records could lead to perjury at trial because under the state statute the charges in the sealed records are deemed never to have occurred.[18]  The government requests I either order the Nevada Attorney General to produce the records or conduct an *in camera* review of the files.

Olson responds that Judge Ferenbach's order is not clearly erroneous because it balances the opposing interests of both parties.  Olson argues the Supremacy Clause does not control because it addresses only an actual conflict between state and federal law and there is no conflict here because subpoena powers are not derived from the United States Constitution.  He also contends that interests of comity must be honored and that the government should petition the state court for relief.[19]

---

[14] (Dkt. #76 at 3-4.)

[15] (*Id.* at 3.)

[16] (*Id.* at 5.)

[17] (Dkt. #77 at 3.)

[18] Nev. Rev. Stat. § 179.285.

[19] (Dkt. #78 at 6.)

## II.   ANALYSIS

A district judge reviews a magistrate judge's order in a pretrial matter under a "clearly erroneous or contrary to law" standard.[20]  "A finding is clearly erroneous when, although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[21]  An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.[22]

The issue here raises the competing concerns of the Supremacy Clause on the one hand, and federalism, comity, and the Full Faith and Credit Clause on the other. There is no controlling authority directly on point.  However, the weight of the authorities generally supports requiring the requesting party to first ask the state court to unseal the documents.[23]  The Ninth Circuit would likely adopt the same rule.  In *United States v. Henson*, the Ninth Circuit held that the federal district court was within its discretion to require the defendant to request the state court to unseal a probation report.[24]  Additionally, in the unpublished case *Casler v. Bressler*, the Ninth Circuit held that the federal district court did not err in refusing to order an *in camera* review of a sealed state search warrant affidavit because the appellant failed to first ask the state court to unseal the affidavit.[25]

---

[20] 28 U.S.C. § 636(b)(1)(A); LR IB 1-3.  In its reply brief, the government argues that this standard does not apply because Magistrate Judge Ferenbach's order is akin to a dispositive ruling. (Dkt. #79 at 3.)  However, the government properly filed its motion under 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3. (Dkt. #77 at 1.)

[21] *Concrete Pipe & Products of California, Inc. v. Constr. Laborers Pension Trust for S. California*, 508 U.S. 602, 622 (1993).

[22] *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992), as amended (Sept. 17, 1992); *Waterfall Homeowners Ass'n v. Viega, Inc.*, 283 F.R.D. 571, 575 (D. Nev. 2012).

[23] *Camiolo v. State Farm Fire & Cas. Co.*, 334 F.3d 345, 359 (3d Cir. 2003); *Socialist Workers Party v. Grubisic*, 619 F.2d 641, 644 (7th Cir. 1980); *Goldstein v. City of Long Beach*, 603 F. Supp. 2d 1242, 1252 (C.D. Cal. 2009); *Lumpkin v. Clark*, No. 07-cv-02015-MSK-KMT, 2008 WL 2441986, at *10 (D. Colo. June 16, 2008); *Mungo v. First Preston Mgmt., Inc.*, No. CV 2006-3120-ENV-MDG, 2006 WL 2570978, at *1 (E.D.N.Y. Sept. 5, 2006); *Brunson v. City of Dayton*, 163 F. Supp. 2d 919, 923 (S.D. Ohio 2001); *Puricelli v. Borough of Morrisville*, 136 F.R.D. 393, 399 (E.D. Pa. 1991).

[24] *United States v. Henson*, 123 F.3d 1226, 1238 (9th Cir. 1997) disapproved of on other grounds by *United States v. Foster*, 165 F.3d 689 (9th Cir. 1999).

[25] *Casler v. Bressler*, 221 F. App'x 553, 554 (9th Cir. 2007).

1         The government relies on *United States v. Thorne*, a 1979 District of Connecticut case, for

2    the proposition that a federal court may order production of records a state court ordered sealed.[26]

3    *Thorne* is not controlling authority, and it also appears to be the minority view.[27]  Further, *Thorne*

4    did not balance the Supremacy Clause with comity and the Full Faith and Credit Clause like other

5    courts have done, and as Judge Ferenbach did here.  Therefore, the government has not shown

6    that Judge Ferenbach's order is clearly erroneous or contrary to law.

7    **III.  CONCLUSION**

8         IT IS THEREFORE ORDERED that the United States of America's motion for

9    reconsideration of Magistrate Judge Ferenbach's Order (Dkt. #77) is DENIED.

10        DATED this 24th day of July 2015.

11

12   _____

13   ANDREW P. GORDON
     UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

---

27   [26] *United States v. Thorne*, 467 F. Supp. 938, 940-41 (D. Conn. 1979).

28   [27] *See* cases in note 26, at 5.